The information available on Case.net is provided as a service and is not considered an official court record.


Case.net:26SL-CC05843 - MERIAM DWIDAR V. THE COMMUNITY SCHOOL ASSOCIATION (E-CASE) - Docket Entries

**| Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**08/25/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-11032, for THE COMMUNITY SCHOOL ASSOCIATION Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**08/24/2026**

**Filing Info Sheet eFiling**

**Filed By:** SAMANTHA JOANNE ORLOWSKI

**Motion Special Process Server**

Request for Appointment of Process Server.

**Filed By:** SAMANTHA JOANNE ORLOWSKI
**On Behalf Of:** MERIAM DWIDAR

**Pet Filed in Circuit Ct**

Petition for Damages.

**Filed By:** SAMANTHA JOANNE ORLOWSKI
**On Behalf Of:** MERIAM DWIDAR

**Judge Assigned**

DIV 22

**EXHIBIT A**

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**21ST JUDICIAL CIRCUIT**
**SAINT LOUIS, MISSOURI**

| | | |
|---|---|---|
| MERIAM DWIDAR, | ) | |
| | ) | **PETITION FOR DAMAGES** |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| THE COMMUNITY SCHOOL ASSOCIATION | ) | |
| Service Address: | ) | |
| Reg. Agent: Matthew A. Gould | ) | |
| 900 Lay Road | ) | **JURY TRIAL DEMANDED** |
| St. Louis, Missouri 63124 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION FOR DAMAGES**

COMES NOW Meriam Dwidar ("Plaintiff"), by and through undersigned counsel, and for her Petition for Damages against Defendant The Community School Association ("Defendant"), hereby states to this Honorable Court as follows:

**PARTIES**

1. Plaintiff is a natural person who, at all times relevant herein, was domiciled in the State of Missouri.

2. Defendant is a Missouri business operating in the State of Missouri with its principal place of business at 900 Lay Road, Saint Charles, Missouri 63124.

3. Defendant employs an excess of fifteen (15) employees.

**JURSIDICTION AND VENUE**

4. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

5. This Court has jurisdiction over this action because all acts and/or allegations giving rise to Plaintiff's causes of action occurred within the State of Missouri.

6. Venue is proper in St. Louis County, Missouri, pursuant to RSMo. § 508.010, because all acts and/or allegations giving rise to Plaintiff's causes of action occurred within St. Louis County, Missouri.

7. Thus, jurisdiction and venue are proper in St. Louis County, Missouri, pursuant to RSMo. §§ 508.010 and 213.111.1.

## ADMINISTRATIVE PROCEDURE

8. The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

9. On or about September 22, 2025, Plaintiff timely filed with the MCHR and EEOC a Charge of Discrimination (the "Charge") alleging violations by Defendant of the Missouri Human Rights Act, RSMo. § 213.010 et seq. (the "MHRA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") in discriminating against Plaintiff because of her race, color, religion, and national origin; and in retaliating against Plaintiff for engaging in protected activities.

10. The aforementioned Charge provided the MCHR and EEOC sufficient opportunity to investigate the full scope of the controversy between Plaintiff and Defendant, and accordingly, the sweep of this action is within the broad scope that could reasonably be expected to have grown out of the Charge.

11. On May 28, 2026, the MCHR issued to Plaintiff the Notice of Right to Sue, indicating her right to file a civil action against Defendant related to the allegations contained within the Charge within ninety (90) days of the issuance of such notice.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

12. On May 27, 2026, the EEOC issued to Plaintiff the Notice of Right to Sue, indicating her right to file a civil action against Defendant related to the allegations contained within the Charge within ninety (90) days of the issuance of such notice.

13. Thus, Plaintiff has satisfied all private, administrative, and judicial prerequisites to the commencement of this action, which is hereby timely filed within all applicable statutes of limitations.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

15. Plaintiff is an Arabic and Muslim individual whose skin tone is brown.

16. As an Arabic individual, Plaintiff identifies as being of Middle Eastern race.

17. Plaintiff routinely wears a hijab as part of her cultural and religious beliefs.

18. Plaintiff was employed by Defendant starting in 2017.

19. For all times relevant herein, Plaintiff was employed by Defendant as a teacher until her termination in June 2025.

20. Defendant engaged in and knowingly allowed behaviors that perpetuated harmful stereotypes regarding Arabic individuals, Muslim individuals, and individuals with a brown skin tone.

21. During Plaintiff's first year of employment, Defendant raised concern with Plaintiff regarding a social media post that had included a joke about an Arabic wedding she had attended.

22. Defendant claimed that a parent of a student at Defendant's school raised concerns about the "violent nature" of the post, despite the clear joking tone of Plaintiff's post.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

23. Upon information and belief, Defendant had not scrutinized the social media posts of other non-Arabic, non-Muslim, or non-brown individuals.

24. Upon information and belief, the narrative regarding a "violent nature" was instigated by harmful stereotypes against Arabic, Muslim, and brown individuals.

25. Upon information and belief, the same statements made by a non-Arabic, non-Muslim, or non-brown individual would have been, and are, routinely accepted by Defendant.

26. As Plaintiff continued her employment, Defendant continued to engage in microaggressions resulting in continued claims of normal and reasonable behavior being construed as "violent" or "inappropriate."

27. For instance, Plaintiff was reprimanded for choosing a "violent" song when teaching a well-known Kwanzaa holiday song to students.

28. No other similarly situated teachers that were not Arabic, not Muslim, or not brown were subjected to such scrutiny in their course materials.

29. Plaintiff was allowed to teach songs that referenced Christian holidays predominantly celebrated by the white students without any scrutiny as to the lyrics of the songs.

30. Similarly, when Plaintiff sought to remove all national anthems from the curriculum as they were not included in the suggested curriculum for her students, she was accused of being "political."

31. Again, no other similarly situated non-Arabic, non-Muslim, and non-brown teachers were scrutinized for their curriculum choices, especially when those choices were within the guidelines provided.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

32. Upon information and belief, had Plaintiff not been Arabic, Muslim, or a brown individual, her decision to abide by the suggested curriculum would not have been viewed as a political stance.

33. Upon information and belief, the claim of Plaintiff's curriculum-based decision being "political" was rooted in a damaging stereotype of Arabic, Muslim, and brown individuals having animus against the United States and democracy.

34. Further, Plaintiff sought to include "The Drinking Gourd" and "Lift Every Voice and Sing" in her curriculum after Defendant stated it would embrace Diversity Education and Inclusion (""DEI").

35. "The Drinking Gourd" is a very well-known song that was created and passed amongst enslaved individuals in the United States as a coded message to guide enslaved individuals the southern states to the northern states where they would be free.

36. "Lift Every Voice and Sing" is similarly a well-known song that has been considered a celebration of black resilience since its acknowledgement by the National Association for the Advancement of Colored People ("NAACP").

37. Plaintiff was reprimanded for selecting these songs and prevented from teaching any songs geared toward DEI.

38. Plaintiff was informed that there were complaints of her teaching a "violent" song by teaching "Lift Every Voice and Sing."

39. Upon information and belief, Plaintiff was forbidden from teaching this song because of the heightened scrutiny forced upon her as an Arabic, Muslim, and brown individual.

40. Upon information and belief, no other similarly situated non-Arabic, non-Muslim, or white teachers were subjected to intense scrutiny over their curriculum.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

41. Upon information and belief, the assertion that a popular historic song was "violent" is an that was only raised because of the pervasive stereotyping of Plaintiff as "violent" because she is Arabic, Muslim, and brow.

42. Upon information and belief, Defendant has since approved the use of "Lift Every Voice and Sing" in its curriculum when a non-Arabic, non-Muslim, white teacher subsequently sought to teach it.

43. Upon information and belief, no concerns have been raised that the new white, non-Arabic, non-Muslim teacher is advocating for violence to students through the teaching of this song.

44. After Plaintiff was prevented from engaging in any DEI related curriculum, she informed Defendant of her concerns as to the racial, religious, national origin, and color discrimination being perpetuated against her.

45. In response to her complaint, Defendant accused Plaintiff of showing students a video of Civil Rights Activist Martin Luther King, Jr., an action which Defendant deemed inappropriate for Plaintiff to do.

46. When Plaintiff advised she had not done so, Defendant advised another teacher may have shown the at issue video.

47. Upon information and belief, no other similarly situated teachers, all of whom were not Arabic, Muslim, or brown, were reprimanded or counseled for this video.

48. Upon information and belief, Defendant only viewed this action as inappropriate when it believed the video was shown by Plaintiff because of her being Arabic, being Muslim, and having a brown skin tone.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

49. This further displays the consistent unfavorable treatment and unwarranted additional scrutiny forced on Plaintiff by Defendant.

50. On or about June 17, 2025, Plaintiff was required to attend a meeting with Defendant's Human Resource Department ("HR").

51. During this meeting, Plaintiff was presented with two printed copies of screenshots from Plaintiff's personal and private Instagram account.

52. Plaintiff's social media accounts were all placed on private after first being accused of "violent behavior" for making a joke on her personal Facebook page.

53. Plaintiff had not granted any access of her personal social medial accounts to any of her students.

54. Additionally, Plaintiff's posts were made as Instagram "Stories," which are posts that must be intentionally selected by approved followers to be viewed and that will automatically be deleted after twenty-four hours.

55. Plaintiff's social media accounts did not reference Defendant nor make any statement that could be construed as attributing Plaintiff's posts to Defendant.

56. Defendant informed Plaintiff that it "anonymously" received the printed screen shots of two Instagram Story posts.

57. Plaintiff's Instagram stories were references to Plaintiff's support of Palestine in its conflict with Isreal.

58. As an Arabic, Muslim, and brown skin-toned individual, Plaintiff's story posts were exhibiting her support for her culture and religion against persecution.

59. During this meeting, Plaintiff informed Defendant of her belief that this issue was raised only because of her race, national origin, color, and religion.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

60. Defendant, however, did not allow Plaintiff the opportunity to explain that her social media is private or that her story was in response to the mass murder of children during the conflict between Israel and Palestine.

61. Instead, Defendant informed Plaintiff that the private social media posts would be submitted to Defendant's School Board in order to decide whether or not Plaintiff would be terminated.

62. Defendant did not provide Plaintiff with the opportunity to address its School Board or otherwise defend herself against accusations that only were raised due to her race, national origin, color, and religion.

63. Plaintiff was then terminated by Defendant on or about June 20, 2025.

64. Defendant told Plaintiff that she was being terminated for her use of "vulgar" language.

65. The only possible term that Defendant could be referencing was Plaintiff's use of the term "fuck" in her private social media post.

66. Similarly situated non-Arabic, non-Muslim, and non-brown coworkers have made public social media posts using similar language.

67. One similarly situated white, Non-Arabic, and Non-Muslim coworker has made public posts that exhibited a drawing of a middle finger, the term "motherf#cking," and "fuck."

68. This similarly situated individual additionally makes public posts that are blatantly political.

69. Defendant's School Board is, and has been, aware of these public postings by this employee, yet this employee has not been reprimanded.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

70. Additionally, another white, non-Arabic and non-Muslim similarly situated teacher of Defendant made several public posts that were blatantly inflammatory and racist toward black individuals.

71. Rather than be immediately terminated, this individual was given the opportunity to remove the posts and was advised he would forego discipline if he ceased making publicly racist posts.

72. Only after this individual refused and continued making public posts deriding black individuals was this individual terminated.

73. Despite Plaintiff making statements on a private story that were intended to express disapproval of the murdering of children within her culture and religion, she was not given the same opportunities or allowances as her similarly situated white, non-Arabic, and non-Muslim co-workers.

74. Upon information and belief, Defendant has exhibited a pattern and practice of discriminating against Plaintiff due to her race, national origin, color, and religion.

75. Despite Plaintiff raising her concerns of discrimination to Defendant, Defendant continued to act in a discriminatory and retaliatory manner against Plaintiff.

76. But for Plaintiff's race, color, national origin, and religion, she would not have been terminated.

77. Any alleged justification of Defendant for Plaintiff's termination is clearly pretextual as other similarly situated non-Arabic, non-Muslim, non-brown employees are treated vastly more favorably when engaging in public social media posts that contain "vulgar" language or political viewpoints, while Plaintiffs were made privately.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

78. No other interactions or events happened that could justify Plaintiff's termination by Defendant other than those rooted in discrimination and retaliation.

79. Prior to her termination, Plaintiff's only reprimands or disciplinary actions were those based in discrimination due to her race, color, national origin, and religion.

80. Upon information and belief, Defendant's actions in discriminating and retaliating against Plaintiff were done with malice or with reckless disregard for the rights of others.

81. Upon information and belief, Defendant replaced Plaintiff with a white, non-Arabic, non-Muslim individual.

82. Defendant willfully failed to honor Plaintiff's right to be free from discrimination.

83. As a direct and proximate result of Defendant's actions, Plaintiff suffered, continues to suffer, and will in the future suffer irreparable damages, including but not limited to lost wages, embarrassment, fear, humiliation, stress, and/or other garden variety emotional distress.

**COUNT I**
**RACE DISCRIMINATION**
**(MISSOURI HUMAN RIGHTS ACT, Mo. Rev. Stat. § 213.010, et al.)**

84. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

85. Plaintiff's race is Middle Eastern.

86. As a Middle Eastern person, Plaintiff is a member of a class of persons protected by the MHRA.

87. Defendant is an "employer," for all times relevant herein, as defined by the MHRA.

88. At all times relevant, Defendant knew Plaintiff's race.

89. Plaintiff experienced discrimination based on her race from Defendant.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

90. Plaintiff informed Defendant that she was experiencing unfavorable treatment due to her race.

91. Upon information and belief, none of Defendant's non-Middle Eastern employees were subjected to similar treatment and excessive scrutiny.

92. Upon information and belief, none of Defendant's non-Middle Eastern employees were subjected to such race discrimination.

93. On or about June 20, 2025, Defendant terminated Plaintiff's employment because of her race and her refusal to accept unfair treatment due to her race.

94. Upon information and belief, Defendant terminated Plaintiff because of its discriminatory bias associated with Plaintiff's race and Plaintiff's refusal to reject her race.

95. Plaintiff engaged in no conduct that would raise any concern or reason for termination in any similarly situated non-Middle Eastern employees.

96. Plaintiff's race was a motivating factor in Defendant's decision to terminate her employment.

97. Defendant unfairly and discriminatorily decided to only intermittently apply its alleged policies and procedures against Plaintiff, but did not apply these policies and procedures to similarly situated co-workers of other races.

98. Defendant's termination of Plaintiff's employment was an adverse employment action.

99. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

100. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

101. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by RSMo. § 213.111.2.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages and attorney's fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs, and for any other further relief as the court may deem just and proper.

## COUNT II
## NATIONAL ORIGIN DISCRIMINATION
## (MISSOURI HUMAN RIGHTS ACT, Mo. Rev. Stat. § 213.010, et al.)

102. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

103. Plaintiff's ethnicity is Arabic.

104. The MHRA includes ethnicity within its national origin class.

105. As an Arabic person, Plaintiff is a member of a class of persons protected by the MHRA.

106. Defendant is an "employer," for all times relevant herein, as defined by the MHRA.

107. At all times relevant, Defendant knew Plaintiff's national origin.

108. Plaintiff experienced discrimination based on her national origin from Defendant.

109. Plaintiff informed Defendant that she was experiencing unfavorable treatment due to her national origin.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

110. Upon information and belief, none of Defendant's non-Arabic employees were subjected to similar treatment and excessive scrutiny.

111. Upon information and belief, none of Defendant's non-Arabic employees were subjected to such national origin discrimination.

112. On or about June 20, 2025, Defendant terminated Plaintiff's employment because of her national origin and her refusal to accept unfair treatment due to her national origin.

113. Upon information and belief, Defendant terminated Plaintiff because of its discriminatory bias associated with Plaintiff's national origin and Plaintiff's refusal to reject her national origin.

114. Prior to reporting discrimination Plaintiff experienced and acknowledging her national origin, Plaintiff engaged in no conduct that would raise any concern or reason for termination in any similarly situated non-Arabic employees.

115. Plaintiff's national origin was a motivating factor in Defendant's decision to terminate her employment.

116. Defendant unfairly and discriminatorily decided to only intermittently apply its alleged policies and procedures against Plaintiff, but did not apply these policies and procedures to similarly situated co-workers of other national origins.

117. Defendant's termination of Plaintiff's employment was an adverse employment action.

118. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

119. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

120. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by RSMo. § 213.111.2.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages and attorney's fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs, and for any other further relief as the court may deem just and proper.

**COUNT III**
**COLOR DISCRIMINATION**
**(MISSOURI HUMAN RIGHTS ACT, Mo. Rev. Stat. § 213.010, et al.)**

121. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

122. Plaintiff's skin tone is brown.

123. The MHRA includes skin color as a protected class.

124. As a brown person, Plaintiff is a member of a class of persons protected by the MHRA.

125. Defendant is an "employer," for all times relevant herein, as defined by the MHRA.

126. At all times relevant, Defendant knew Plaintiff's color.

127. Plaintiff experienced discrimination based on her color from Defendant.

128. Plaintiff informed Defendant that she was experiencing unfavorable treatment due to her color

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

129. Upon information and belief, none of Defendant's non-brown employees were subjected to similar treatment and excessive scrutiny.

130. Upon information and belief, none of Defendant's non-brown employees were subjected to such color discrimination.

131. On or about June 20, 2025, Defendant terminated Plaintiff's employment because of her color and her refusal to accept unfair treatment due to her color.

132. Upon information and belief, Defendant terminated Plaintiff because of its discriminatory bias associated with Plaintiff's color and Plaintiff's refusal to be ashamed or otherwise minimize the fact that she has a different skin tone from her similarly situated co-workers.

133. Prior to reporting discrimination Plaintiff experienced and acknowledging her color, Plaintiff engaged in no conduct that would raise any concern or reason for termination in any similarly situated employees without a brown skin tone.

134. Plaintiff's color was a motivating factor in Defendant's decision to terminate her employment.

135. Defendant unfairly and discriminatorily decided to only intermittently apply its alleged policies and procedures against Plaintiff, but did not apply these policies and procedures to similarly situated co-workers of other skin colors.

136. Defendant's termination of Plaintiff's employment was an adverse employment action.

137. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

138. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

139. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by RSMo. § 213.111.2.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages and attorney's fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs, and for any other further relief as the court may deem just and proper.

**COUNT IV**
**RELIGIOUS DISCRIMINATION**
**(MISSOURI HUMAN RIGHTS ACT, Mo. Rev. Stat. § 213.010, et al.)**

140. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

141. Plaintiff's religion is Muslim.

142. The MHRA includes religion as a protected class.

143. As a Muslim person, Plaintiff is a member of a class of persons protected by the MHRA.

144. Defendant is an "employer," for all times relevant herein, as defined by the MHRA.

145. At all times relevant, Defendant knew Plaintiff's religious beliefs.

146. Plaintiff experienced discrimination based on her religion from Defendant.

147. Plaintiff informed Defendant that she was experiencing unfavorable treatment due to her religion.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

148. Upon information and belief, none of Defendant's non-Muslim employees were subjected to similar treatment and excessive scrutiny.

149. Upon information and belief, none of Defendant's non-Muslim employees were subjected to such religious discrimination.

150. On or about June 20, 2025, Defendant terminated Plaintiff's employment because of her religion and her refusal to accept unfair treatment due to her religion.

151. Upon information and belief, Defendant terminated Plaintiff because of its discriminatory bias associated with Plaintiff's religion and Plaintiff's refusal to reject her religion.

152. Prior to reporting discrimination Plaintiff experienced and acknowledging her religion, Plaintiff engaged in no conduct that would raise any concern or reason for termination in any similarly situated non-Muslim employees.

153. Plaintiff's religion was a motivating factor in Defendant's decision to terminate her employment.

154. Defendant unfairly and discriminatorily decided to only intermittently apply its alleged policies and procedures against Plaintiff, but did not apply these policies and procedures to similarly situated co-workers of other religions.

155. Defendant's termination of Plaintiff's employment was an adverse employment action.

156. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

157. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

158. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by RSMo. § 213.111.2.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages and attorney's fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs, and for any other further relief as the court may deem just and proper.

**COUNT V**
**RETALIATION**
**(MISSOURI HUMAN RIGHTS ACT, Mo. Rev. Stat. § 213.010, et al.)**

159. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

160. Plaintiff is within protected classes as defined by the MHRA due to her race, national origin, color, and religion.

161. Defendant is an "employer," for all times relevant herein, as defined by the MHRA.

162. Plaintiff reported to Defendant unfair treatment and unfair scrutiny of her due to her race, national origin, color, and/or religion.

163. Each time Plaintiff addressed her concerns, these concerns were dismissed, while the discriminatory behaviors continued to escalate.

164. On or about June 16, 2025, Plaintiff faced discrimination of her based on her race, national origin, color and/or religion.

165. Plaintiff noted the unfair treatment to Defendant upon realizing the discriminatory purpose of the meeting she was forced to attend.

166. Defendant then moved for Plaintiff's termination and terminated her only four days later.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

167. By reporting her concerns and belief that she was being discriminated against due to her race, national origin, color and religion, Plaintiff participated in a protected activity under the MHRA.

168. Rather than investigate Plaintiff's claims of discrimination, Defendant terminated her employment.

169. Defendant's proffered reason for Plaintiff's termination was clearly pretextual given it routinely allows non-Arabic, non-Muslim and white similarly situated employees to engage in the same, if not more excessive conduct, without reprisal.

170. Plaintiff's race, national origin, color, and religion, as well as her reports of discrimination based on the same were motivating factors for Defendant's adverse actions against Plaintiff, including but not limited to the termination of Plaintiff's employment.

171. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

172. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

173. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by RSMo. § 213.111.2.

**COUNT VI**
**RACE DISCRIMINATION**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et al.)**

174. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

175. An employer is a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. § 2000e(b).

176. Defendant is an employer pursuant to Title VII for all times relevant herein.

177. An employee is an individual employed by an employer. § 2000e(f).

178. Plaintiff was an employee of Defendant under Title VII for all times relevant herein.

179. Plaintiff experienced unlawful discrimination on the basis of her race from Defendant.

180. Plaintiff reported unlawful discrimination based on her race to multiple of her superiors on several occasions.

181. Upon information and belief, none of Defendant's non-Middle Eastern employees were subjected to such discrimination.

182. On or about June 20, 2025, Defendant terminated Plaintiff's employment.

183. Plaintiff's termination was only four day after Plaintiff once again addressed the race discrimination she was being subjected to due to Defendant's behaviors.

184. Upon information and belief, Defendant terminated Plaintiff because of her race.

185. Upon information and belief, Defendant terminated Plaintiff because she complained of the unlawful discrimination occurring based on her race.

186. Plaintiff committed no act or omission during her employment that would legitimately give rise to the negative treatment she faced.

187. Defendant's termination of Plaintiff's employment was an adverse employment action.

188. Defendant's actions were deliberate, willful, wanton, and malicious.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

189. Plaintiff's race was a motivating factor for Defendant's adverse actions against Plaintiff, including but not limited to, the termination of Plaintiff's employment.

190. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

191. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

192. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff Meriam Dwidar prays that this Honorable Court enter a judgment against Defendant for damages and attorney's fees in an amount to be determined at trial but exceeding Twenty-Five Thousand Dollars ($25,000.00), court costs, and for any other further relief as the court may deem just and proper.

**COUNT VII**
**COLOR DISCRIMINATION**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et al.)**

193. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

194. As addressed above, Plaintiff, as an employee of Defendant, an employer, are subject to Title VII.

195. Plaintiff experienced unlawful discrimination on the basis of her color from Defendant.

196. Plaintiff reported unlawful discrimination based on her color to multiple of her superiors on several occasions.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

197. Upon information and belief, none of Defendant's non-brown skinned employees were subjected to such discrimination.

198. On or about June 20, 2025, Defendant terminated Plaintiff's employment.

199. Plaintiff's termination was only four days after Plaintiff once again addressed the color discrimination she was being subjected to due to Defendant's behaviors.

200. Upon information and belief, Defendant terminated Plaintiff because of her color.

201. Upon information and belief, Defendant terminated Plaintiff because she complained of the unlawful discrimination occurring based on her color.

202. Plaintiff committed no act or omission during her employment that would legitimately give rise to the negative treatment she faced.

203. Defendant's termination of Plaintiff's employment was an adverse employment action.

204. Defendant's actions were deliberate, willful, wanton, and malicious.

205. Plaintiff's color was a motivating factor for Defendant's adverse actions against Plaintiff, including but not limited to, the termination of Plaintiff's employment.

206. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

207. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

208. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff Meriam Dwidar prays that this Honorable Court enter a judgment against Defendant for damages and attorney's fees in an amount to be determined at trial but

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

exceeding Twenty-Five Thousand Dollars ($25,000.00), court costs, and for any other further relief as the court may deem just and proper.

**COUNT VIII**
**NATIONAL ORIGIN DISCRIMINATION**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et al.)**

209. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

210. As addressed above, Plaintiff, as an employee of Defendant, an employer, are subject to Title VII.

211. Plaintiff experienced unlawful discrimination on the basis of her national origin from Defendant.

212. Plaintiff reported unlawful discrimination based on her national origin to multiple of her superiors on several occasions.

213. Upon information and belief, none of Defendant's non-Arabic employees were subjected to such discrimination.

214. On or about June 20, 2025, Defendant terminated Plaintiff's employment.

215. Plaintiff's termination was only four days after Plaintiff once again addressed the national origin discrimination she was being subjected to due to Defendant's behaviors.

216. Upon information and belief, Defendant terminated Plaintiff because of her national origin.

217. Upon information and belief, Defendant terminated Plaintiff because she complained of the unlawful discrimination occurring based on her national origin.

218. Plaintiff committed no act or omission during her employment that would legitimately give rise to the negative treatment she faced.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

219. Defendant's termination of Plaintiff's employment was an adverse employment action.

220. Defendant's actions were deliberate, willful, wanton, and malicious.

221. Plaintiff's national origin was a motivating factor for Defendant's adverse actions against Plaintiff, including but not limited to, the termination of Plaintiff's employment.

222. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

223. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

224. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff Meriam Dwidar prays that this Honorable Court enter a judgment against Defendant for damages and attorney's fees in an amount to be determined at trial but exceeding Twenty-Five Thousand Dollars ($25,000.00), court costs, and for any other further relief as the court may deem just and proper.

## COUNT IX
## RELIGIOUS DISCRIMINATION
## (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et al.)

225. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

226. As addressed above, Plaintiff, as an employee of Defendant, an employer, are subject to Title VII.

227. Plaintiff experienced unlawful discrimination on the basis of her religion from Defendant.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

228. Plaintiff reported unlawful discrimination based on her religion to multiple of her superiors on several occasions.

229. Upon information and belief, none of Defendant's non-Muslim employees were subjected to such discrimination.

230. On or about June 20, 2025, Defendant terminated Plaintiff's employment.

231. Plaintiff's termination was only four days after Plaintiff once again addressed the religious discrimination she was being subjected to due to Defendant's behaviors.

232. Upon information and belief, Defendant terminated Plaintiff because of her religion.

233. Upon information and belief, Defendant terminated Plaintiff because she complained of the unlawful discrimination occurring based on her religion.

234. Plaintiff committed no act or omission during her employment that would legitimately give rise to the negative treatment she faced.

235. Defendant's termination of Plaintiff's employment was an adverse employment action.

236. Defendant's actions were deliberate, willful, wanton, and malicious.

237. Plaintiff's religion was a motivating factor for Defendant's adverse actions against Plaintiff, including but not limited to, the termination of Plaintiff's employment.

238. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

239. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

240. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff Meriam Dwidar prays that this Honorable Court enter a judgment against Defendant for damages and attorney's fees in an amount to be determined at trial but exceeding Twenty-Five Thousand Dollars ($25,000.00), court costs, and for any other further relief as the court may deem just and proper.

**COUNT X**
**RETALIATION**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et al.)**

241. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

242. As outlined above, Defendant and Plaintiff were subject to Title VII at all times relevant.

243. It is unlawful for an employer to discriminate against its employee because he or she has opposed any practice made an unlawful employment practice by Title VII.

244. For all times relevant herein, Defendant was aware that Plaintiff belonged to a protected class based on her race, color, national origin, and religion.

245. During her employment, Plaintiff opposed the discrimination she faced due to her race, color, national origin, and religion when she reported it to her supervisors and HR.

246. Defendant terminated Plaintiff's employment because she opposed the unlawful discrimination against her.

247. Defendant engaged in unlawful interference with Plaintiff's right to exercise her rights under Title VII and to be free from unlawful discrimination.

248. Defendant's unlawful employment practice of terminating Plaintiff was intentional and with total disregard to the rights of Plaintiff, and others.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

249. Defendant's unlawful employment practices, including but not limited to, terminating Plaintiff were done with malice and/or reckless indifference to Plaintiff's protected rights.

250. As a direct and proximate result of Defendant's violations, Plaintiff has been deprived of income, as well as the loss of other monetary and non-monetary benefits.

251. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related damages.

252. Plaintiff is entitled to recover reasonable attorney's fees from Defendant.

WHEREFORE, Plaintiff Antwanisha Burnett prays that this Honorable Court enter a judgment against Defendant for damages and attorney's fees in an amount to be determined at trial but exceeding Twenty-Five Thousand Dollars ($25,000.00), court costs, and for any other further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

253. Plaintiff demands trial by jury as to any and all counts and/or allegations alleged in this Petition for Damages that are so triable.

Dated: August 24, 2026.

Respectfully submitted,

**SPARKS LAW FIRM**

By: /s/ Samantha J. Sparks
Samantha J. Sparks, #72058
2025 Zumbehl Road, #102
St. Charles, MO 63303
P: (636) 373-9375
F: (314) 451-2567
sam@sparks-legal.com
*Attorneys for Plaintiff*

26SL-CC05843

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

SEAL OF THE CIRCUIT COURT OF ST. LOUIS COUNTY MISSOURI

For File Stamp Only

Meriam Dwidar
Plaintiff/Petitioner

vs.

The Community School Association
Defendant/Respondent

8/24/2026
Date

Case Number

Division

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff, Meriam Dwidar (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Tim Moore, Pro Serve | 6614 Clayton Rd. #311, St. Louis, MO 63117 | (314) 227-9209 |
| Name of Process Server | Address or in the Alternative | Telephone |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
The Community School Association
Name
900 Lay Road
Address
St. Louis, Missouri 63142
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ______________________
Deputy Clerk

______________________
Date

/s/ Samantha J. Sparks
Signature of Attorney/Plaintiff/Petitioner
#72058
Bar No.
2025 Zumbehl Rd. #102, St. Charles, MO 63303
Address
(636) 373-9375 (314) 451-2567
Phone No. Fax No.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a “Request for Appointment of Process Server” electronic form, which may be found on the Court’s Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff’s Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

26SL-CC05843

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Meriam Dwidar
Plaintiff/Petitioner

8/24/2026
Date

Case Number

vs.

The Community School Association
Defendant/Respondent

Division

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff, Meriam Dwidar (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Tim Moore, Pro Serve | 6614 Clayton Rd. #311, St. Louis, MO 63117 | (314) 227-9209 |

Name of Process Server — Address or in the Alternative — Telephone

Name of Process Server — Address or in the Alternative — Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
The Community School Association
Name
900 Lay Road
Address
St. Louis, Missouri 63142
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By /S/ Adam Dockery
Deputy Clerk

08/25/2026
Date

/s/ Samantha J. Sparks
Signature of Attorney/Plaintiff/Petitioner
#72058
Bar No.
2025 Zumbehl Rd. #102, St. Charles, MO 63303
Address
(636) 373-9375 — Phone No.
(314) 451-2567 — Fax No.

Electronically Filed - St Louis County - August 24, 2026 - 04:21 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a “Request for Appointment of Process Server” electronic form, which may be found on the Court’s Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff’s Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MEGAN HIGGINS JULIAN | **Case Number: 26SL-CC05843** | |
| Plaintiff/Petitioner:<br>MERIAM DWIDAR<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>SAMANTHA JOANNE ORLOWSKI<br>2025 ZUMBEHL RD<br>#102<br>ST CHARLES, MO 63303 | |
| Defendant/Respondent:<br>THE COMMUNITY SCHOOL ASSOCIATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to: THE COMMUNITY SCHOOL ASSOCIATION**
**Alias:**
**REG AGENT MATTHEW A GOULD**
**900 LAY ROAD**
**ST. LOUIS, MO 63124**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

25-AUG-2026
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

__________________________________ (name) _______________________ (title).

☐ other: ________________________________________________________________.

Served at _______________________________________________________ (address)

in __________________________ (County/City of St. Louis), MO, on _______________ (date)

at ___________ (time).

| | |
|---|---|
| Printed Name of Officer or Server | Signature of Officer or Server |

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: _______________ ______________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**<u>(4) Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**<u>(5) Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**<u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.